In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1236

James A. Wright,

Plaintiff-Appellant,

v.

Maria Pappas, individually and in her official
capacity as Treasurer of Cook County, Illinois,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 1998--William J. Hibbler, Judge.

Submitted February 22, 2001--Decided July 5, 2001

  Before Bauer, Cudahy, and Posner, Circuit
Judges.

  Posner, Circuit Judge.  James Wright, who
is black, brought this civil rights suit
(see 42 U.S.C. sec. 1983) against the
treasurer of Cook County, in both her
individual and her official capacity,
charging racial discrimination and
seeking monetary relief. The suit arises
out of the County's "annual tax lien
sale." See 35 ILCS 200/21. If a property
owner is delinquent on his county taxes,
the County acquires by operation of law a
lien on the property and can ask a state
court for a judgment ordering that the
property be sold to satisfy the lien. If
such a judgment is entered, the county
treasurer sells the tax lien at an
auction and the buyer obtains a
certificate of purchase which, upon the
property owner's failing to redeem his
property by reimbursing the buyer of the
lien, can be converted to a tax deed,
giving the buyer title to the property.
Wright obtained certificates of purchase
of 13 properties in the 1998 tax lien
sale, and he argues that the defendant,
because of Wright's race, misrepresented
the value of the properties. He asks that
she be ordered to refund him the price he
paid for the certificates.

  The district court dismissed the suit as

barred by the Tax Injunction Act, 28 U.S.C. sec. 1341, which withdraws from the federal courts jurisdiction to "enjoin, suspend or restrain the assessment, levy or collection" of state taxes (including local taxes, Platteville Area Apartment Ass'n v. City of Platteville, 179 F.3d 574, 582 (7th Cir. 1999); Hager v. City of West Peoria, 84 F.3d 865, 868 n. 1 (7th Cir. 1996); Folio v. City of Clarksburg, 134 F.3d 1211, 1214 (4th Cir. 1998)) unless the taxpayer lacks an adequate state remedy. See In re Stoecker, 179 F.3d 546, 549 (7th Cir. 1999), aff'd under the name Raleigh v. Illinois Dept. of Revenue, 530 U.S. 15 (2000). The Act is a gesture of comity toward the states; recognizing the centrality of tax collection to the operation of government, the Act prevents taxpayers from running to federal court to stymie the collection of state taxes. E.g., RTC Commercial Assets Trust 1995-NP3-1 v. Phoenix Bond & Indemnity Co., 169 F.3d 448, 453 (7th Cir. 1999). The Act's goal could not be achieved if the statutory language were read literally, as barring only injunctions, and so it's been stretched to cover declaratory judgments, California v. Grace Brethren Church, 457 U.S. 393, 408-13 (1982), and, what is as necessary to prevent the Act from being completely undone, suits for refund of state taxes. Marvin F. Poer & Co. v. Counties of Alameda, 725 F.2d 1234 (9th Cir. 1984); Cities Service Gas Co. v. Oklahoma Tax Comm'n, 656 F.2d 584, 586 (10th Cir. 1981); United Gas Pipe Line Co. v. Whitman, 595 F.2d 323 (5th Cir. 1979). It is an open question whether the Act covers damages suits under 42 U.S.C. sec. 1983 as well, see Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 107 (1981), which would be another method of making an end run around the statutory prohibition. The Supreme Court held in the Fair Assessment case that such a suit was in any event barred by the principle of comity, operating independently of the Tax Injunction Act. The Court declined to rule on whether that principle "would also bar a claim under sec. 1983 which requires no scrutiny whatever of state tax assessment practices, such as a facial attack on tax laws colorably claimed to be discriminatory as to race." Id. at 107 n. 4.

A lien sale is a mode of tax collection;

and so an action to enjoin it, or declare it illegal, or rescind it, or perhaps even just obtain damages on the ground of its illegality, would be barred by the Act or, in the case of the damages suit, by the free-standing principle of comity. RTC Commercial Assets Trust 1995-NP3-1 v. Phoenix Bond & Indemnity Co., supra; Simon v. Cebrick, 53 F.3d 17, 22 (3d Cir. 1995); Dawson v. Childs, 665 F.2d 705, 710 (5th Cir. 1982). Wright doesn't challenge the assessment of county taxes that led to the sale of tax liens, but he does challenge the mode of collection (and remember that the Act applies to collection as well as assessment) and he seeks, in effect, a refund of state taxes. We say "in effect" because of course he is not the delinquent taxpayer. But he stepped into the delinquenttaxpayer's shoes, paid the taxes due on the delinquent's property, and now wants his payment back. If he succeeds in the suit, and if we set aside the unreality of supposing that the Treasurer of Cook County is going to dig into her own pockets to pay the judgment, the collection of taxes on the 13 properties that Wright obtained certificates of purchase for will be thwarted, or at least delayed, as the Treasurer searches for another buyer of the tax liens on those properties. The suit thus is governed by Fair Assessment, and it does not fall within the possible exception for "facial challenges." Alternatively, it is (most clearly with respect to the claim against the Treasurer in her official capacity, a claim squarely against the taxing authority itself) comfortably within the prohibition of the Tax Injunction Act.

But before wrapping up we should consider the possible bearing of the superficially similar case of Pendleton v. Heard, 824 F.2d 448, 451-52 (5th Cir. 1987), a suit under the Voting Rights Act to enjoin the issuance of certain county bonds because the question whether to issue them had not been submitted for approval to the electorate, as the plain tiffs contended the Voting Rights Act required. The issuance of the bonds would by operation of law have imposed a lien and tax obligation on all the taxable property in the county, to assure the repayment of the bonds. The court held that the injunction was not barred by the Tax Injunction Act, because, even if the bond issue itself was deemed a method of

assessing or collecting taxes--an issue the court left open--the plaintiffs were not complaining about the bond issue, but only about the failure of the county to submit it to the electorate for approval. The reasoning-- rejected in Kerns v. Dukes, 153 F.3d 96, 102-03 and n. 10 (3d Cir. 1998), and Jerron West, Inc. v. California State Bd. of Equalization, 129 F.3d 1334, 1337-38 (9th Cir. 1998)--is questionable, though the result is sound because a bond issue is not a tax, even though, like many other fiscal decisions by public bodies, it has tax implications. Since states and local governments are forbidden to issue money, their ability to borrow, whether by issuing bonds or otherwise, depends on their commitment to use their taxing power to repay the lender. But that doesn't turn borrowing into taxing, or the issuance of a bond into the assessment, levy, or collection of a tax. Wright, however, is contesting the collection of a tax and seeking in effect a tax refund, and his suit is therefore barred.

Affirmed.