**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 16, 2011[*]
Decided November 18, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

Nos. 11-2227 & 11-2520

| | |
|---|---|
| SUZANNE R. WHITE, <br>     *Plaintiff-Appellant*, | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 C 8036 |
| ROBERT MERCADO, et al., <br>     *Defendants-Appellees*. | Sharon Johnson Coleman, <br> *Judge*. |

**O R D E R**

Suzanne White appeals the dismissal of her complaint alleging that T. J. Properties and employees of the City of Waukegan and Lake County violated her constitutional rights when they sold a lien on her property at a tax sale. Because the district court properly concluded that the complaint does not state a plausible claim for relief, we affirm.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

As alleged in the complaint, White is the beneficiary of a land trust that holds title to property in Waukegan. In 2002, Robert Mercado, a City of Waukegan code inspector, placed a notice on White's front door stating that the property violated the City's weed ordinance, WAUKEGAN, ILL., § 96-0-153, which prohibits grass or weeds growing higher than ten inches. Two days later White received a second violation notice on the door of her property. The following week, White returned to the property and discovered that the grass had been cut. Waukegan recorded a lien on the property for the costs of weed cutting and debris removal.

Seven years later, in 2010, White received a notice informing her that the unpaid lien on the property had been sold at a tax sale to T. J. Properties. The notice explained that White had until December 2011 to redeem the property by paying off the lien. White then met with Lake County officials who gave her a copy of the Illinois code provision that authorized the City to collect the costs of cutting White's grass as a special assessment on the property, *see* 65 ILCS 5/9-2-4.5 ("Special Assessment Statute"); the officials told her that it would cost $497.94 to redeem the property.

White then brought this suit in state court, alleging wide-ranging constitutional claims against T. J. Properties as well as every city and county employee associated with the lien and tax sale. The defendants removed the case to federal court and then sought to dismiss the complaint for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6). The district court dismissed the complaint after finding that White failed to plead allegations to support a plausible claim that the Special Assessment Statute is unconstitutional.

White's argument on appeal is difficult to parse, but she appears to argue that the Special Assessment Statute is unconstitutional because it allows the City to take her property without due process. She asserts that she should have had more notice and opportunity to contest the special assessment on her property and avoid losing her home.

We review a district court's dismissal for failure to state a claim de novo, viewing the complaint in the light most favorable to the plaintiff and taking as true all well-pleaded factual allegations. *See Anchorbank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive dismissal, a complaint must contain sufficient facts to state a claim for relief that is plausible on its face. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 558 (7th Cir. 2010); *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 510 (7th Cir. 2009). A "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

As the district court noted, White's complaint failed to state a plausible claim. She alleged that the defendants issued her a citation, placed a lien on the property, published a

notice of the lien, and sold the lien at a tax sale, but nowhere hinted at how the Special Assessment Statute was unconstitutional or how the defendants denied her due process. T. J. Properties asserts in its brief that the redemption period has not expired and that it has not petitioned for a tax deed. If this is true, White can still preserve her ownership by timely paying off the lien and redeeming the property. *See* 35 ILCS 200/21-345, 200/21-350, 200/22-30, 200/22-40; *Johnson v. Orr*, 551 F.3d 564, 566–67 (7th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED.