NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 9, 2012
Decided January 11, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

EDMOND E. CHANG, *District Judge*[*]

No. 11-2745

| | |
|---|---|
| CLEMENCIA G. KIGHTLINGER, *et al.*,<br>     *Plaintiffs-Appellants,*<br><br>     *v.*<br><br>JANET A. NAPOLITANO, Secretary of the<br>Department of Homeland Security, *et al.*,<br>     *Defendants-Appellees.* | Appeal from the United States<br>District Court for the Southern<br>District of Illinois.<br><br>No. 10-cv-00121<br><br>Michael J. Reagan,<br>     *Judge.* |

**ORDER**

Clemencia Garing Kightlinger and her son, Evan Mendoza, sought judicial review of an Immigration Judge's decision to order them removed from the United States. The district court dismissed their case for lack of subject matter jurisdiction. We affirm.

---

[*] The Honorable Edmond E. Chang, District Judge of the United States District Court for the Northern District of Illinois, sitting by designation.

In June 1998, Clemencia Garing Kightlinger ("Kightlinger"), a native and citizen of the Philippines, married Brian Kightlinger, a United States citizen. Kightlinger and her son (from a previous relationship), Evan Mendoza, received immigrant visas and lawfully entered the United States as conditional permanent residents. In October 2002, Kightlinger and her husband jointly petitioned to remove the conditions on Kightlinger and Mendoza's residency. *See* 8 U.S.C. § 1186a(c)(1). As required by law, Kightlinger was interviewed by Department of Homeland Security officials in connection with the petition. § 1186a(d)(3). During the interview, Kightlinger disclosed that she had been married in the Philippines, and had not obtained a divorce. As a result, the Department concluded that Kightlinger's marriage to Brian was invalid, and terminated her and her son's status as conditional permanent residents. About one year later, Kightlinger and Brian divorced.

Kightlinger and Mendoza filed another petition to have the conditions on their lawful residency in the United States lifted. Although the statute requires aliens to jointly file the petition with their spouse, this requirement may be waived if the alien entered into the marriage in good faith and the marriage has been terminated. 8 U.S.C. § 1186a(c)(4)(B). The Department denied Kightlinger's petition, concluding that Kightlinger failed to establish that she married Brian in good faith. With their conditional residence status terminated, Kightlinger and Mendoza were placed in removal proceedings. 8 U.S.C. § 1227(a)(1)(D)(I).

An Immigration Judge held a hearing on the merits of Kightlinger and Mendoza's removal. After considering Kightlinger's testimony and other evidence presented at the hearing, the Immigration Judge held that the Department correctly refused to lift the conditions on Kightlinger's residency. The Immigration Judge concluded that Kightlinger's marriage to Brian was not valid in light of Kightlinger's prior marriage. As an alternative ruling, the Immigration Judge also held that he would not exercise his discretion to grant Kightlinger's petition for a waiver under § 1186a(c)(4)(B). The Immigration Judge ordered Kightlinger and Mendoza removed from the United States.

Kightlinger appealed the Immigration Judge's decision to the Board of Immigration Appeals. But the Board agreed with the Immigration Judge's finding that Kightlinger's marriage to Brian was invalid, and dismissed the appeal. The Board did not address the Immigration Judge's alternative reason for denying Kightlinger's petition and for ordering her and Mendoza removable as charged.

Shortly after receiving the Board's decision, Kightlinger and Mendoza brought this action against Janet Napolitano, as Secretary of the Department of Homeland Security, and against the District Director of the United States Citizenship and Immigration Services. The complaint challenged the Immigration Judge's and the Board's decisions from the removal proceedings. The district court granted the government's motion to dismiss for lack of subject

matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Kightlinger and Mendoza now appeal.

We review this question of subject matter jurisdiction *de novo*. *Johnson v. Orr*, 551 F.3d 564, 567 (7th Cir. 2008). The district court held that it lacked jurisdiction because only the court of appeals has jurisdiction to review an order of removal. We agree. Specifically, 8 U.S.C. § 1252(a)(5) states

> a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . .

What's more, § 1252(b)(2) explains that "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." So, as the district court concluded, because Kightlinger's removal proceedings were completed in St. Louis, Missouri, only the Eighth Circuit had jurisdiction to consider her underlying removal order on a petition for review.

Kightlinger's argument against this jurisdictional bar is that the complaint does not, according to her, seek review of the underlying removal order, but really seeks declaratory relief based on certain actions taken by the government in adjudicating her petition to lift the conditions on her residency. That alternative way of characterizing the complaint makes no difference. As the district court correctly held, Kightlinger's challenges to the immigration proceedings are actually challenges to orders that were part and parcel to the deportation proceeding. *See Torres-Tristan v. Holder*, 656 F.3d 653, 658 (7th Cir. 2011) (the term "final order of removal" includes "not only the actual order of deportation, but all orders closely related to the deportation proceeding . . . and entered during the proceeding") (quotation and citation omitted). At bottom, what Kightlinger was challenging in the district court was the removal order, and the district court lacked jurisdiction to hear that challenge.

Kightlinger argues that the district court erred in dismissing her complaint because the court had federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1361, 2201, and 5 U.S.C. § 701. This argument is not persuasive because, as already discussed, 8 U.S.C. § 1252(a)(5) divests district courts of jurisdiction to review final removal orders, barring reliance on other jurisdictional grants of general applicability. This jurisdictional bar applies with respect to "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States. § 1252(b)(9); *see also* § 1252(a)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and section [] 1361 of such title, a petition of review filed with an appropriate

court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . . ").

In addition, the government argues that Kightlinger has waived reliance on the Declaratory Judgment Act and the Administrative Procedure Act because of her asserted failure to develop the arguments in her opening appellate brief. Federal Rule of Appellate Procedure 28(a)(9)(A) provides that the appellant's brief must contain her "contentions and reasons for them, with citations to the authorities and parts of the record on which [she] relies." With regard to the Declaratory Judgment Act, we agree that Kightlinger failed to sufficiently develop the argument. Kightlinger cites to the Declaratory Judgment Act in her brief's jurisdictional statement, but provides no further analysis or argument. That is not enough to raise the issue on appeal, and reliance on the Declaratory Judgment Act as a jurisdictional basis is waived.

Turning to the Administrative Procedure Act ("APA"), Kightlinger asserts that the APA permits judicial review of agencies' decisions, "except to the extent that (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." *See* 5 U.S.C. § 701(a) (emphasis added). On appeal, Kightlinger argues that the district court had jurisdiction pursuant to the APA because the removal of conditional residence under 8 U.S.C. § 1186a is a non-discretionary act. The government contends that Kightlinger's argument does not address the reasoning the district court actually employed with respect to this issue and, therefore, Kightlinger has waived reliance on the APA as a jurisdictional basis. It is true that, in the district court, Kightlinger did not specifically raise this argument in her opposition to the government's motion to dismiss. But that is not the same as waiving the issue on appeal by failing to develop the APA argument on appeal.     In any event, the district court's ultimate conclusion that the APA does not confer jurisdiction over her case is correct. District courts do not have jurisdiction over an APA challenge to federal-agency action when another federal statute specifically precludes review. *See Califano v. Sanders*, 430 U.S. 99, 108 (1977). Here, 8 U.S.C. § 1252 specifically precludes district-court review of Kightlinger's order of removal.[1]

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[1]If § 1252 did not preclude district-court jurisdiction over Kightlinger's case, then jurisdiction over an APA action would be conferred by § 1331. *See, e.g., Feezor v. Babbitt*, 953 F. Supp. 1, 4 (D.D.C. 1996) (citing *Robbins v. Reagan*, 780 F.2d 37, 42-43 (D.C. Cir. 1985) ("even though the APA itself technically grants no jurisdiction, power to review any agency action exists under 28 U.S.C. § 1331").