NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0249n.06

No. 13-3731

**UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 01, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DOUGLAS P. LABORDE, On Behalf of Himself and All Others Similarly Situated, and KARLA J. LABORDE, on Behalf of Herself and All Others Similarly Situated, | ) ) ) | |
| Plaintiffs – Appellants, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| THE CITY OF GAHANNA, REGIONAL INCOME TAX AGENCY, and JENNIFER TEAL, in both her individual capacity and as Finance Director of the City of Gahanna, | ) ) ) ) | |
| Defendants – Appellees. | ) ) | |

**BEFORE: ROGERS, McKEAGUE, and WHITE, Circuit Judges.**

**PER CURIAM.** In this putative class action brought by taxpayer residents of the City of Gahanna, Ohio, Douglas and Karla LaBorde appeal the judgment of the district court dismissing some of their claims and remanding others to the state court from which the action was removed. For the reasons that follow, we affirm.

**I**

Defendants are the City of Gahanna, a municipal corporation located in Franklin County, Ohio; Jennifer Teal, Gahanna's Finance Director (collectively referred to as "Gahanna"); and the Regional Income Tax Agency ("RITA"), the tax administrator for Gahanna.

Gahanna is a "mandatory filing" municipality; residents file a municipal income tax return on a form prescribed by RITA, "Form 37."[1] Gahanna levies a municipal income tax at the rate of 1½ percent on qualifying wages, salaries, and other compensation. Gahanna also provides certain credits that offset a resident's tax liability, including a credit for taxes paid to another municipality. Gahanna City Code § 161.18(a) calculates this credit as follows:

> Every individual taxpayer who resides in the City, but who received net profits, salaries, wages, commissions, distributions from associations, or other compensation for work done or services performed or rendered outside the City, if it is made to appear that he has paid a municipal income tax or excise tax based on income, or such net profits, salaries, wages, commissions, distributions from associations, or other compensation in another municipality, shall be allowed a credit of eighty-three and one-third percent (83-1/3%) of the amount so paid by him or in his behalf in such other municipality to the extent of the tax assessed by this chapter, by reason of such net profits, salaries, wages, commissions or other compensation earned in such other municipality where such tax is paid. In no instance shall the allowable credit for tax paid another municipality exceed the amount of tax imposed by this chapter.[2]

The LaBordes, the named plaintiffs, filed a nine–count complaint in state court alleging that Form 37 caused their tax credits for 2009, 2010, and 2011 to be understated by $347, $438, and $473, respectively, because it inaccurately limits their tax credit to 83 1/3% of 1.5% of their earnings rather than 83 1/3% of the taxes paid to another municipality. *LaBorde v. City of Gahanna*, 946 F. Supp. 2d 725, 728–29 (S.D. Ohio 2013). They sought declaratory and injunctive relief and asserted unconstitutional takings claims under the Fifth Amendment and 42 U.S.C. § 1983. Defendants removed the case to federal district court, invoking federal question jurisdiction. Gahanna moved to dismiss the unconstitutional takings claims (counts 5 and 6) for failure to state a claim, and the claim seeking injunctive relief (count 7) as barred by

---

[1] Gahanna allows paper and efile through RITA and allows residents who "DID NOT MOVE, have ONLY w-2 INCOME, and live in FULL CREDIT municipalities" to file Form 37B. Form 37B does not have a "Credit Rate Worksheet." http://www.ritaohio.com/media/451931/37-final-form.pdf; ttp://www.ritaohio.com/media/451934/37b-final-form.pdf (accessed 2/20/2014).

[2] http://www.conwaygreene.com/Gahanna/lpext.dll?f=templates&fn=main-hit-h.htm&2.0 (accessed 2/20/2014).

the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341.[3] RITA moved to dismiss the federal claims as barred by the TIA, and asked the district court to relinquish jurisdiction over the remaining state-law claims. *LaBorde*, 946 F. Supp. 2d at 729. The district court granted defendants' motions to dismiss counts 5, 6 and 7, recognized that the state-law claims for declaratory relief asserted in counts 1, 2 and 3 were also barred by the TIA, and remanded the remaining state-law claims to state court.[4]

## II

We review a decision to dismiss on the pleadings under Fed. R. Civ. P. 12(c) de novo, *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), under the standard applicable to motions to dismiss under Rule 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To survive a motion to dismiss under 42 U.S.C § 1983, the plaintiff must allege two elements: 1) the defendant acted under color of state law; and 2) the defendant's conduct deprived the plaintiff of rights secured under federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).

---

[3] The TIA states "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

[4] Although the district court's use of the term "remaining state-law claims" is not crystal clear, we construe it as including all six state-law claims embodied in counts 1, 2, 3, 4, 8 and 9. We derive this understanding from three circumstances. First, neither of the defendants' motions to dismiss attacked the state-law claims; rather, they simply asked the court to relinquish jurisdiction over the state-law claims. Second, upon granting the motions to dismiss the federal claims on which federal jurisdiction was premised, the court correctly recognized that the balance of considerations weighed in favor of declining to exercise supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367. Third, although the court noted cursorily that the TIA barred the relief sought in counts 1, 2 and 3, it offered no explanation that would justify treating these state-law claims any differently than those stated in counts 4, 8 and 9, which were more explicitly made subject to remand.

**III**

**A. Federal Claims: Counts 5 and 6**

The LaBordes' complaint alleged a "taking" of their private property, i.e., that Gahanna residents' overpayment of income taxes and Gahanna's retention of these overpayments constitutes a taking of private property without compensation. The LaBordes argue that the district court erred in dismissing the federal takings claims stated in counts 5 and 6.[5] They assert that under state law, the tax credit is an "intangible" property interest that falls within the ambit of the Fifth Amendment takings clause, or alternatively, that it is tangible in that it can be considered a monetary appropriation.

The LaBordes seek to enjoin Gahanna from using Form 37 in its present configuration, which they allege results in incorrect calculation (to Gahanna taxpayers' detriment) of the tax credit for taxes paid to other municipalities on income earned outside Gahanna. They argue that the TIA does not bar their federal claims because they are not seeking to enjoin the assessment, levy, or collection of any taxes, but rather, are requesting that Gahanna follow the Gahanna City Code and collect only those income taxes provided for by ordinance. Their position is that the tax is legal; it is just not being properly enforced.

The district court recognized the well-established proposition that a government's act of taxation is not a "taking" of private property under the Constitution. The court rejected the argument that the tax credit to which the LaBordes claim entitlement represents an intangible property right. The court determined that *Woda Ivy Glen L.P. v. Fayette Cnty. Bd. of Revision*, 902 N.E. 2d 984 (Ohio 2009), relied on by the LaBordes, and a similar case the LaBordes cited, *Cottonwood Affordable Hous. v. Yavapai Cnty.*, 72 P.3d 357 (Ariz. Tax Ct. 2003), simply hold

---

[5] The LaBordes have not appealed the dismissal of count 7. Nor do they challenge the remand of state-law claims to state court.

that tax credits are an intangible asset that should not be taken into account in valuing low-income housing property for property-tax purposes, and do not support the position that miscalculating an income tax credit implicates the Fifth Amendment takings principle. The district court found that the tax credit issue in the present case is part and parcel of the entire municipal income tax system implemented by Gahanna, and that since the Fifth Amendment takings clause is not implicated by the collection of taxes, it is not implicated by a miscalculation of the tax credits. We find no error in the district court's reasoning. Whether or not a tax credit is a property right, the LaBordes failed to allege facts that, if proved, would establish an unconstitutional taking.

Moreover, allegations of deprivation of constitutional rights do not render the TIA inapplicable. *Schneider Transp., Inc. v. Cattanach*, 657 F.2d 128, 131 (7th Cir. 1981). The TIA's prohibition of federal court restraint of state or local taxation encompasses a broad array of state and local taxes. The TIA does not bar all federal court challenges to state and local tax policies, but only those in which the taxpayer seeks to avoid a tax obligation, where the relief sought is prospective in nature, whether injunctive or declaratory. *Hibbs v. Winn*, 542 U.S. 88, 99–100 (2004). Although Ohio distinguishes a tax credit from the imposition of a tax, a tax credit impacts the taxpayer's tax liability. The Gahanna tax credit is a credit for taxes already paid to another municipality. The credit operates to reduce the tax liability that a resident would otherwise owe, thereby reducing revenue collected by Gahanna. The LaBordes' takings claims clearly implicate the correct interpretation of the Gahanna City Code and seek judicial relief that would have the effect of limiting their tax liability. This is a question that, when raised in federal court in support of injunctive or declaratory relief, per the TIA, must be left to state procedures, provided they satisfy the plain, speedy, and efficient state remedy requirement.

**B. Plain, Speedy and Efficient Remedy**

The TIA prohibits district courts from issuing declaratory judgments holding state tax laws unconstitutional where a plain, speedy and efficient state remedy exists. *Kunkle v. Fulton Cnty. Bd. of Comm'rs*, 922 F.2d 841 (6th Cir. 1991) (quoting *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982)).

The district court cited Ohio Rev. Code § 2723.01 as a plain, speedy and efficient remedy for the LaBordes' challenges. [6] The LaBordes argue that if City Code § 161.18 is legal and not being properly enforced, they are entitled to a refund for the past three years under § 161.12(d). However, if the claim falls under Ohio Rev. Code § 2723 (as an illegal tax), they contend it is subject to a one-year statute of limitations and § 2723 unfairly limits the refund to which they are entitled.

To satisfy the "plain, speedy and efficient remedy" requirement, the remedy "need not necessarily be the best remedy available or even equal to or better than the remedy that might be available in federal court." 17 Charles Alan Wright, Arthur Miller & Edward H. Cooper, Federal Practice and Procedure § 4237, pp. 643–44 (2d ed. 1988). Instead, a state court remedy is plain, speedy and efficient within the meaning of the TIA if it provides the taxpayer with a "full hearing and judicial determination" at which the taxpayer may raise constitutional objections to the tax. *Aluminum Co. of Am. v. Dep't of Treasury*, 522 F.2d 1120, 1126 (6th Cir. 1975) (quoting *Helmsley v. Detroit*, 320 F.2d 476, 480 (6th Cir. 1963)); *Wilson v. Bredesen*, 113 F. App'x 70, 7273 (6th Cir. 2004) (quoting *California v. Grace Brethren Church*, 457 U.S. at 411 (citing *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 514 (1981))). Ohio Revenue Code

---

[6] Ohio Rev. Code § 2723.01 states: "Courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected."

§ 2723.01 thus provides the taxpayer with a "plain, speedy and efficient remedy." Additionally, Ohio Revised Code § 2721.03 allows:

> . . . any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, . . . may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, . . . and obtain a declaration of rights, status, or other legal relations under it.

Because state law provides a plain, speedy and efficient remedy, the TIA bars prosecution of the takings claims in federal court.

## IV

Accordingly, we **AFFIRM** the judgment of the district court, dismissing counts 5, 6 and 7, and remanding the remaining state-law claims asserted in counts 1, 2, 3, 4, 8 and 9 to state court.