NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0060n.06

Case No. 23-3264

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| MOORE ROAD, LLC, | ) | |
|     Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| J. CRAIG SNODGRASS, Lorain County | ) | OHIO |
| Auditor; RONALD TALAREK, Lorain | ) | |
| County Treasurer, | ) | |
|     Defendants-Appellees. | ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; SUHRHEINRICH and MURPHY, Circuit Judges.

SUTTON, Chief Judge. Lorain County imposed a delinquent-tax lien on the property of Moore Road, LLC, an Ohio limited liability company. Moore Road filed a complaint in federal district court challenging the legitimacy of the lien and requesting a declaratory judgment that the County may not enforce the lien to collect property taxes assessed before September 15, 2017. The Tax Injunction Act, the district court concluded, barred the lawsuit. We affirm.

I.

Moore Road, LLC owns about 75 acres in Lorain County, Ohio. Between 2007 and 2014, the company failed to pay $420,032.95 in property taxes on the land. Under Ohio law, a county treasurer may recover the lost revenue by "enforcing [a] tax lien" on the property. Ohio Rev. Code § 323.25.

Seeking to head off a foreclosure action, Moore Road sued J. Craig Snodgrass, the

County's auditor, and Ronald Talarek, the County's treasurer, in the Lorain County Court of Common Pleas in 2014. It sought a declaratory judgment that the auditor did not correctly appraise its property and claimed that this prevented the treasurer from enforcing the tax lien. The case remains pending, so far as the record shows.

In 2021, Moore Road filed a new action in federal district court. It alleged that the County's tax lien amounted to an unlawful taking under the Fifth and Fourteenth Amendments. It sought a declaratory judgment that the lien is unlawful and to forbid the collection of property taxes assessed before September 15, 2017.

The auditor and treasurer moved to dismiss the federal lawsuit. *See* Fed. R. Civ. P. 12(b)(1). The district court granted the motion, holding that the Tax Injunction Act barred the company's claims. *See* 28 U.S.C. § 1341. Moore Road appealed.

II.

The Tax Injunction Act provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *Id.* The Act applies to requests for injunctive and declaratory relief. *See California v. Grace Brethren Church*, 457 U.S. 393, 408–09, 411 (1982). To show a "plain, speedy, and efficient" remedy under state law, States must satisfy "minimal *procedural* criteria." *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 511–12 (1981) (emphasis in original). They must offer taxpayers access to "a full hearing and judicial determination" that allows the opportunity to raise any objections to the tax, whether statutory or constitutional, whether state or federal. *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 544 (6th Cir. 2004) (quoting *In re Gillis*, 836 F.2d 1001, 1010 (6th Cir. 1988)).

The Act covers challenges to a tax lien, like Moore Road's federal lawsuit. Raising local

revenue falls within the Act's heartland. *See Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 10 (2015) (suggesting that "collection" under the Act "includ[es] liens"); *see also Dawson v. Childs*, 665 F.2d 705, 710 (5th Cir. 1982) ("In dissolving a lien on property, a federal court interferes with the state's fiscal program just as surely as if it enjoined collection or assessment of the tax itself."). A federal lawsuit over a county's tax lien thus goes to tax "assessment" and "collection" under the Act. *See Islamic Ctr. of Nashville v. Tennessee*, 872 F.3d 377, 382 (6th Cir. 2017) (noting that "assessment" is "closely tied to the collection of a tax" in that it is the "official recording of liability that triggers levy and collection efforts" (quotations omitted)); *cf. Harrison v. Montgomery County*, 997 F.3d 643, 651 (6th Cir. 2021) (suggesting that the Act bars actions that "seek to halt foreclosures of tax-delinquent property" as challenges to the "collection" of state taxes); *Wright v. Pappas*, 256 F.3d 635, 637 (7th Cir. 2001) (holding that the Act barred a claim seeking remedies for a tax-lien sale because it would affect the collection of taxes); *Coon v. Teasdale*, 567 F.2d 820, 821–22 (8th Cir. 1977) (per curiam) (same).

Bookending this analysis, the Ohio courts supply a plain, speedy, and efficient remedy for challenges to tax liens. State law permits Moore Road to challenge an auditor's assessment by filing a complaint with the County's board of revisions. Ohio Rev. Code § 5715.19. It permits the company to appeal that decision to the Ohio Board of Tax Appeals, *id.* § 5717.01, or the Court of Common Pleas, *id.* § 5717.05. And it permits the company to file an action in the Court of Common Pleas to enjoin tax collection or assessment. *Id.* § 2723.01. Both avenues provide for a hearing at which Moore Road could raise constitutional objections to the tax lien. *See id.* § 5717.01 (affording the opportunity for a hearing); *id.* § 5717.05 (same); *Laborde v. City of Gahanna*, 561 F. App'x 476, 480 (6th Cir. 2014) (holding that § 2723.01 meets this standard). In fact, Moore Road took advantage of one of these options by disputing its tax lien's assessment and collection

3

in the Court of Common Pleas. Whether with respect to that lawsuit or with respect to Ohio law in general, the company does not show how Ohio fails to provide a "plain, speedy, and efficient" remedy under state law for constitutional challenges to tax liens. The Act, in short, bars this lawsuit, as the district court correctly determined.

Seeking to fend off this conclusion, Moore Road argues that the Act limits actions in federal court only so long as state court litigation about a contested state tax remains pending. But that is not what the Act says. It applies before, during, and after state court litigation. At any rate, it is not even clear that the relevant state court litigation has ended.

The company separately claims that it may challenge the property's "unlawful impairment" from the tax lien as opposed to the assessment and collection of taxes. Appellant's Br. 15. Not so. The company asks for a declaratory judgment that the pre-2017 taxes assessed on its property are "uncollectible" and that the County has no "rights to collect the same." R.1 at 8. This is precisely the kind of action that the Act prohibits, as the above cases show.

We affirm.