In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 15-1404

VAUGHN NEITA,

*Plaintiff-Appellant*,

*v.*

CITY OF CHICAGO,
JANE N. RADDATZ,
MELISSA ULDRYCH, and
CHERIE TRAVIS,

*Defendants-Appellees*.

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 C 1107 — **James F. Holderman**, *Judge*.

———————————

ARGUED JANUARY 7, 2016 — DECIDED JULY 19, 2016

———————————

Before EASTERBROOK, MANION, and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge*. Vaughn Neita was arrested and charged with multiple counts of animal cruelty and neglect under Illinois law after surrendering two dogs to Chicago's Department of Animal Care and Control. An Illinois judge found him not guilty on all counts. Neita maintains that the

officials who arrested and prosecuted him had no basis to do so; he brought this suit for damages under 42 U.S.C. § 1983 and Illinois law. The district court dismissed Neita's federal claims for failure to state a claim and declined to exercise supplemental jurisdiction over the state-law claims. Because the allegations in Neita's complaint are sufficient to state claims for false arrest and illegal searches in violation of the Fourth Amendment, we reverse.

## I. Background

Neita formerly owned and operated a dog-grooming business and rescue shelter called A Doggie Business. On February 14, 2012, he brought two dogs to Chicago's Department of Animal Care and Control. One of the dogs, Osa, had become overly aggressive and attacked and killed another dog in Neita's care. The other dog, Olive Oil, had become ill after whelping a litter of puppies.

When Neita arrived with the dogs, Cherie Travis, an Animal Control employee, called the police. Chicago Police Officers Jane Raddatz and Melissa Uldrych responded to the call and, after speaking with Travis, arrested Neita. The officers then searched Neita, his vehicle, and later his business premises. The State's Attorney charged Neita with two counts of animal cruelty and thirteen counts of violating an animal owner's duties under Illinois law. An Illinois judge found him not guilty on all counts.

After his acquittal Neita filed this action against Travis, Officers Raddatz and Uldrych, and the City of Chicago, among others.[1] The complaint alleged that the individual

---

[1] The original complaint also named the Cook County Assistant State's Attorney as a defendant and sought indemnification from Cook County.

defendants were liable under § 1983 for false arrest and illegal searches in violation of the Fourth Amendment and under Illinois law for malicious prosecution and intentional infliction of emotional distress. The complaint also sought statutory indemnification from the City of Chicago for the acts of its employees. *See* 745 ILL. COMP. STAT. 10/9-102. Neita twice amended his complaint, and the defendants moved to dismiss each iteration for failure to state a claim. S*ee* FED. R. CIV. P. 12(b)(6).

The judge granted the motions. He dismissed the first amended complaint without prejudice, giving Neita an opportunity to replead. But the second amended complaint fared no better. The judge dismissed the federal claims with prejudice, holding that Neita had failed to adequately plead any constitutional violation and that further amendment would be futile. The judge then relinquished supplemental jurisdiction over the remaining state-law claims, dismissing them without prejudice to refiling in state court. This appeal followed.

## II. Discussion

Our review of a Rule 12(b)(6) dismissal is de novo. *Olson v. Champaign County*, 784 F.3d 1093, 1098 (7th Cir. 2015). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is legally sound and plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The federal claims in Neita's second amended complaint consist of a false-arrest claim against the

---

These defendants were dismissed, and that ruling is not challenged on appeal.

individual defendants and several illegal-search claims against Officers Raddatz and Uldrych.

**A. False Arrest**

To prevail on a false-arrest claim under § 1983, a plaintiff must show that there was no probable cause for his arrest. *Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012). Neita's claim thus requires us to decide whether he has adequately pleaded a lack of probable cause.

An officer has probable cause to arrest if "at the time of the arrest, the facts and circumstances within the officer's knowledge … are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (quoting *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009)). That determination depends on the elements of the underlying criminal offense. *Stokes v. Bd. of Educ.*, 599 F.3d 617, 622 (7th Cir. 2010). Neita was arrested for violating Illinois statutes on animal cruelty and an animal owner's duties. The former provides in relevant part that "[n]o person or owner may beat, cruelly treat, torment, starve, overwork or otherwise abuse any animal." 510 ILL. COMP. STAT. 70/3.01. The latter requires animal owners to provide "(1) a sufficient quantity of good quality, wholesome food and water; (2) adequate shelter and protection from the weather; (3) veterinary care when need-ed to prevent suffering; and (4) humane care and treatment." *Id.* § 70/3.

Neita has adequately pleaded that the defendants lacked probable cause to arrest him for either offense. The operative version of the complaint alleges that Neita arrived at Animal

Control with two dogs: one was physically healthy and well nourished but overly aggressive, and one was sick from whelping puppies. It further alleges that Neita had taken the second dog to a veterinarian but ultimately had to turn it over to Animal Control to protect the puppies' health. Finally, paragraphs 18 and 19 of the second amended complaint state:

> 18. Nothing [p]laintiff said or did on February 14, 2012, indicated that he caused any injury to any animal, or that he had neglected any animal.

> 19. Nothing the defendants could have seen on February 14, 2012, indicated that [p]laintiff caused any injury to any animal, or was neglecting any animal.

In short, Neita alleges that he showed up at Animal Control to surrender two dogs, neither of which showed signs of abuse or neglect, and was arrested without any evidence that he had mistreated either dog. If these allegations are true, no reasonable person would have cause to believe that Neita had abused or neglected an animal. Nothing more is required to permit this straight-forward false-arrest claim to proceed. *Cf. Adams v. City of Indianapolis*, 742 F.3d 720, 733 (7th Cir. 2014) (requiring greater factual specificity to state a plausible claim for relief in a "complex" disparate-impact employment-discrimination case). Of course, we express no view on the ultimate merits. The defendants vigorously maintain that the condition of the dogs was dire and patently indicative of abuse or neglect. That may turn out to be

true, but it's not a question to be resolved on the pleadings.

**B. Illegal Searches**

Neita next alleges that Officers Raddatz and Uldrych illegally searched his person, vehicle, and business. Warrantless searches are per se unreasonable, subject to a few carefully defined exceptions. *Arizona v. Gant*, 556 U.S. 332, 338 (2009). One exception is for searches conducted incident to a lawful arrest. *Id.*; *see also Gibbs v. Lomas*, 755 F.3d 529, 542 (7th Cir. 2014). The judge held that the warrantless search of Neita's person fell within this exception and dismissed the claim accordingly. Because Neita has stated a plausible claim for false arrest, his claim for illegal search incident to his arrest also may go forward.

The claims for illegal search of Neita's vehicle and business require somewhat more attention. Neita alleges that after arresting and searching him, Officers Uldrych and Raddatz retrieved his keys from his pocket and searched his vehicle. The judge held that this claim was time-barred because it first appeared in the second amended complaint, which Neita filed well after the statute of limitations had run.

Neita did file his second amended complaint after the statute of limitations had run. Claims brought under § 1983 are governed by the statute of limitations for personal-injury claims in the state where the plaintiff's injury occurred. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). In Illinois the statute of limitations for personal-injury actions is two years from when the cause of action accrued, *id.*; 735 ILL. COMP. STAT. 5/13-202, and a Fourth Amendment claim

accrues at the time of the search or seizure, *Wallace v. Cato*, 549 U.S. 384, 396 (2007); *see also Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010). Neita was arrested and his vehicle searched on February 14, 2012. He filed his initial complaint on February 14, 2014, exactly two years later. While his initial complaint was thus timely, it did not allege that the officers illegally searched his vehicle; that claim first appears in the second amended complaint, which Neita filed on November 25, 2014, more than nine months after the limitations period had run.

Conceding this point, Neita argues that his claim relates back to the date of the original pleading under Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure. We agree. Rule 15(c)(1)(B) provides that an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." "The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006).

Here the relevant transaction is properly understood as Neita's arrest at Animal Control on February 14, 2012. The searches all flowed directly from that arrest. The original complaint, which described Neita's arrest and the subsequent searches of his person and business, was sufficient to put the defendant officers on notice that they would have to defend against all claims arising out of this encounter,

including the related search of Neita's vehicle. *See FDIC v. Knostman*, 966 F.2d 1133, 1139 (7th Cir. 1992).

Neita's third illegal-search claim challenges the warrantless search of his business. The Fourth Amendment's protection against warrantless searches extends to commercial properties, albeit to a lesser extent than private residences. *Dow Chem. Co. v. United States*, 476 U.S. 227, 237–38 (1986) (citing *Donovan v. Dewey*, 452 U.S. 594, 598 (1981)). "While a search of a private residence generally must be conducted pursuant to a warrant in order to be reasonable, a warrantless administrative search of commercial property does not *per se* violate the Fourth Amendment." *Lesser v. Espy*, 34 F.3d 1301, 1305 (7th Cir. 1994) (citation omitted).

Without deciding whether the officers' search of Neita's business violated the Fourth Amendment, the judge dismissed this claim on qualified-immunity grounds. He did so in light of section 10 of Illinois's Humane Care for Animals Act, which permits law-enforcement officers who receive a complaint of suspected animal abuse or neglect to "enter during normal business hours upon any premises where the animal or animals described in the complaint are housed or kept, provided such entry shall not be made into any building which is a person's residence, except by search warrant or court order." 510 ILL. COMP. STAT. 70/10. The judge concluded that "by following Illinois law as it existed at the time of the search and as it still exists today, [Officers] Raddatz and Uldrych did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known."

That conclusion fails to give Neita the benefit of all reasonable inferences, as required at the motion-to-dismiss

stage. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). An official who reasonably relies on a facially valid state law may be entitled to qualified immunity if his conduct is later challenged. *See, e.g.*, *Marcavage v. City of Chicago*, 659 F.3d 626, 636 (7th Cir. 2011); *Sherman v. Four Cnty. Counseling Ctr.*, 987 F.2d 397, 401–02 (7th Cir. 1993). But Neita has alleged that the officers never received a complaint of animal abuse or neglect, or alternatively, that they knew that any such complaint was false. Accepting these allegations as true, section 10 of the Illinois Act is not implicated, and the officers cannot invoke reliance on it as a basis for qualified immunity. Dismissal on qualified-immunity grounds was unwarranted at this stage of the litigation.

*   *   *

For the foregoing reasons, we REVERSE the dismissal of Neita's false-arrest and illegal-search claims and REMAND for further proceedings. With the federal claims now reinstated, the state-law claims are revived.[2]

---

[2] We note the judge's order contains an extensive discussion of the merits of Neita's state-law claims. That discussion was gratuitous in light of the decision to relinquish jurisdiction over those claims under 28 U.S.C. § 1367(c). Because the state-law claims were dismissed without prejudice, we do not address them here. *See Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008).