NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2021*
Decided January 22, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-1489

| | |
|---|---|
| CHRISTINA G. LYONS, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:19-cv-04221-TWP-MJD |
| GENE B. GLICK COMPANY, INC., <br> *Defendant-Appellee.* | Tanya Walton Pratt, <br> *Judge.* |

**O R D E R**

After a state court evicted her from her apartment, Christina Lyons sued her former landlord in federal court for violating the Fair Housing Act. The district court ruled that *Rooker-Feldman* blocked subject-matter jurisdiction over all of Lyons's federal claims and relinquished jurisdiction over her state-law claims. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Because one set of Lyons's federal claims is barred by *Rooker-Feldman* and another

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

partially barred by the applicable statute of limitations, we affirm in part. But Lyons also alleges a small subset of claims not barred by *Rooker-Feldman* and within the limitations period, so for this subset we otherwise vacate and remand.

The Gene B. Glick Company sued Lyons for possession of her apartment in January 2018 in the Monroe Circuit Court of Monroe County, Indiana. After a hearing, the state court granted Glick possession of Lyons's apartment and ordered Lyons to vacate it by the next month. Lyons lost her appeal before the Court of Appeals of Indiana, and in May 2019 the Indiana Supreme Court declined review.

After losing in state court, Lyons sued in federal court in October 2019, raising three sets of claims. The first set, based on the Fair Housing Act, *see* 42 U.S.C. §§ 3604(f), 3613, 3617, concerns events separate from the eviction suit. Lyons alleges that when she moved into Glick's apartment in 2015, she asked Glick to install in-unit laundry machines to accommodate an unspecified disability, but Glick unlawfully delayed installation until January 2017. From February through September 2017, more than two years before Lyons sued in federal court, Glick retaliated by ignoring her maintenance requests and other complaints. Lyons alleged that later, from October to December 2017, Glick's lease consultant and construction subcontractor retaliated against her by denying requests for maintenance, entering her unit unannounced, and completing construction projects around her apartment in a hostile and unprofessional manner.

The second set of claims, also under the Fair Housing Act, is based on the eviction suit. Lyons alleges that, to retaliate for her requests and complaints, Glick ended Lyons's lease and obtained a court order to evict her in February 2018. As a result of the eviction, Lyons suffered "loss of housing, loss of federal financial rental assistance, loss of good/excellent credit rating, loss of economic stability," "loss of established community," and "mental and physical duress." To address those injuries, Lyons asked the federal court to use Rule 60(b) of the Federal Rules of Civil Procedure to overturn the state court's judgment. In her third set of claims, brought under supplemental jurisdiction, Lyons alleges negligence, nuisance, breach of contract, unfair business practices, and defamation under state law.

Glick moved to dismiss Lyons's federal complaint, and the district court granted the motion. The court ruled that under *Rooker-Feldman* it lacked subject-matter jurisdiction over the Fair Housing Act claims (and Lyons's request to overturn the state court's judgment) because they were intertwined with the Indiana court's judgment. The court also ruled that these claims were barred by the applicable statute of

limitations. It then declined to exercise supplemental jurisdiction over Lyons's state-law claims.

On appeal, Lyons argues that *Rooker-Feldman* does not apply because her federal claims are independent from the state court's judgment. But under *Rooker-Feldman*, district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Lyons does not dispute that she filed her federal complaint five months after losing in state court. Therefore, the only issue is whether her injuries were caused by the state court's judgment.

*Rooker-Feldman* blocks Lyons's second set of claims—those about the eviction. To determine whether an injury was caused by a state-court judgment, we look to "the *actual injury* claimed by the plaintiff." *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) (emphasis original). The nature of the injury does not depend on whether the plaintiff attributes it to a civil-rights violation. *See Holt v. Lake Cty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005). Lyons's alleged injuries from this set of claims—losses of housing, federal financial rental assistance, credit, and economic stability—were complete only when the Indiana court ordered the eviction. Her very request that the district court overturn the Indiana judgment confirms that her injuries arise from the state-court judgment. *See Brown v. Bowman,* 668 F.3d 437, 442 (7th Cir. 2012). Because Lyons would not have suffered these injuries "absent the eviction order," *Rooker-Feldman* blocks these claims. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 557 (7th Cir. 1999); *see also Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 606–07 (7th Cir. 2008).

Lyons's first set of claims—about discrimination and retaliation preceding or separate from the state-court suit—are not barred by *Rooker-Feldman*. The alleged misconduct and injuries occurred outside of the Indiana proceedings, when Glick delayed accommodating Lyons's disability and then, to retaliate against her, ignored her other requests. Because she seeks damages for "activity that ([s]he alleges) predates the state litigation and caused injury independently of it," *Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015), the district court had jurisdiction over these claims.

Nevertheless, the district court's decision to dismiss the first set of claims was partially correct. Under the Fair Housing Act, a plaintiff "may commence a civil action . . . not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . ." 42 U.S.C. § 3613(a)(1)(A). Lyons alleges that Glick unlawfully delayed her disability accommodation until January 2017, and then from February through September 2017, refused to address other requests from her in

retaliation for seeking an accommodation. But she filed her federal suit more than two years later, in October 2019. So the claims based on these events are time-barred, and the district court correctly (and alternatively) dismissed them.

But Lyons also alleges that some retaliatory acts—denials of maintenance requests, entries into her apartment, and "hostile" construction—occurred between October and December 2017. These dates fall just within the two-year limitations period, and so Lyons's claims based on these events are not time-barred. Although Lyons attributes this misconduct to actors who may be independent contractors (rather than employees) of Glick—a lease consultant and construction subcontractor—Glick may be liable for their misconduct. The Fair Housing Act imposes liability "in accordance with traditional agency principles." *Meyer v. Holley*, 537 U.S. 280, 282 (2003). And under those principles, in limited circumstances a principal may be liable for the wrongdoing of an independent contractor. *See Aguirre v. Turner Constr. Co.*, 582 F.3d 808, 810 (7th Cir. 2009); RESTATEMENT (THIRD) OF AGENCY § 1.01 cmt. c (2006). Further fact development, therefore, is needed to determine whether Glick is liable for these acts. Consequently, the district court erred in dismissing this subset of timely claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020).

We finally address Lyons's third set of claims, brought under state law. When the district court dismissed her federal claims before trial, it reasonably relinquished supplemental jurisdiction over her remaining state-law claims. *See Hagan v. Quinn*, 867 F.3d 816, 830 (7th Cir. 2017); *see also* 28 U.S.C. § 1367(c)(3). With some of her federal claims reinstated, however, her state-law claims are revived. *See Neita v. City of Chicago*, 830 F.3d 494, 496, 499 (7th Cir. 2016).

We therefore AFFIRM the district court's dismissal of Lyons's federal claims regarding her eviction and events before October of 2017. We otherwise VACATE the judgment and REMAND for further proceedings consistent with this opinion.