**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2022[*]
Decided September 28, 2022

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 22-1259

| | |
|---|---|
| ENEDEO RODRIGUEZ, JR., *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:18-CV-899-JD-MGG |
| NICK McCLOUGHEN, *Defendant-Appellee.* | Jon E. DeGuilio, *Chief Judge*. |

**O R D E R**

Enedeo Rodriguez appeals the dismissal of his complaint alleging that various law-enforcement officials used false information to obtain a search warrant for his home and then used excessive force and destroyed his property while executing the search. At

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

screening under 28 U.S.C. § 1915A, the district court dismissed the claims against all but one defendant and rejected Rodriguez's proposed amended complaints as futile because, it concluded, the claims would be time-barred. Because that amendment would not be futile for all claims, we affirm in part and vacate in part.

## I. Background

Because Rodriguez challenges the dismissal of his complaint at screening, we accept his allegations as true and draw reasonable inferences in his favor. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). Numerous federal and local law-enforcement agencies played a role in the investigation of a large-scale drug distribution operation that led to the search of Rodriguez's residence and auto-repair business. These included the Goshen Police Department, Indiana State Police, Elkhart County Sheriff's Department, South Bend and Elkhart County SWAT teams, an Elkhart County intelligence unit, and the federal Drug Enforcement Administration and Bureau of Alcohol, Firearms, Tobacco, and Explosives.

Two undercover detectives (one with the ATF and the other with Elkhart County) obtained a warrant to search Rodriguez's home by presenting a magistrate judge with an affidavit that, he alleges, contained both false statements and information from unreliable sources. According to the complaint (but not evidence that came later), Nick McCloughen—a Goshen police detective—was in charge of the search.

On November 2, 2016, the SWAT teams entered Rodriguez's home, unannounced, by breaking the windows and battering open the front door. Someone threw a flash-bang grenade, which hit Rodriguez in the arm and injured him. Rodriguez's daughter, then one year old, was in the room with him at the time. A SWAT officer tackled Rodriguez and then struck him with an assault-style rifle. At some point, two ATF agents damaged his vehicle. Several officers later searched Rodriguez's place of business without a warrant and caused property damage there.

About two years later, Rodriguez sued 14 federal and state law-enforcement entities and officials for violating his rights under the Fourth Amendment. *See* 42 U.S.C. § 1983. He alleged that the defendants fabricated the search-warrant affidavit, used excessive force when searching his home, and unreasonably searched his repair shop without a warrant, destroying property in the process.

At screening, the district court dismissed the complaint with respect to all defendants except McCloughen. *See* 28 U.S.C. § 1915A(b)(1). The court concluded that six defendants—"ATF UC 3749," "EC-ICE Unit Officer U323" (who Rodriguez listed as

"EC-ICE UC 323"), "Elkhart County ICE unit," "DEA 6," "ECSD SWAT," and "South [B]end SWAT"—could not be sued because they were "unnamed" or "unidentified." Next, the court ruled that Rodriguez's claim for property damage had to be brought in state court. The court then dismissed claims against the sheriff's department because Rodriguez did not allege that his injuries resulted from an unconstitutional policy or practice. Finally, it determined that the Eleventh Amendment barred a suit for damages against the Indiana State Police.

Rodriguez then moved twice to amend his complaint to replace defendant "EC-ICE UC 323" with that officer's full name, add defendants, and join his daughter as a plaintiff. The court denied leave to amend because Rodriguez filed the proposed amendments beyond the two-year limitations period for § 1983 claims in Indiana and, the court concluded, there was no way for the amended complaint to relate back to the original. The court explained that not identifying the defendants was not a "mistake" under Federal Rule of Civil Procedure 15(c)(1)(C) and that the defendants lacked timely notice of a potential suit. Rodriguez could not join his daughter as a plaintiff, the court added, because she did not have counsel and could not be represented by a pro se litigant.

The district judge made these rulings, but a magistrate judge was also assigned to the case from the outset. The parties never consented to the magistrate judge's jurisdiction, so he did not make any dispositive rulings. *See* 28 U.S.C. § 636(c)(1). Still, Rodriguez moved several times for the magistrate judge to recuse himself for bias because he signed the search warrant at issue. The magistrate judge denied the motions, briefly stating that Rodriguez lacked evidence of partiality.

Rodriguez's claims against McCloughen proceeded to discovery, and McCloughen eventually obtained summary judgment by demonstrating that he was not present for the search and did not order it. Having decided all claims, the district court entered final judgment; Rodriguez now appeals.

## II. Analysis

Rodriguez does not challenge the judgment for McCloughen but takes issue with multiple earlier decisions. His brief also contains a lengthy account of alleged rampant corruption within the government, especially law enforcement, in Elkhart, Indiana, but this discourse is immaterial to the appeal, and we do not address it further.

## A.  The "Unnamed" Defendants and Relation Back

We address the district court's treatment of the "unnamed" individual defendants ("ATF UC 3749" and "EC-ICE UC 323") and its relation-back analysis in a published decision issued contemporaneously. As we hold there, it is not necessarily futile to amend the complaint to name these defendants.

So too with the agencies. Rodriguez sued "Elkhart County ICE unit," "ECSD SWAT," and "South [B]end SWAT," none of which is a proper juridical entity for constitutional claims. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486–87 (1994) (*Bivens* does not allow direct action for damages against federal agencies); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (in Indiana, only counties, municipalities, municipal corporations, or townships, can be § 1983 defendants). But he should have been given greater latitude to name the proper defendants. *See Bryant v. City of Chicago*, 746 F.3d 239, 244 (7th Cir. 2014); *see also Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 556 (2010) (naming corporate subsidiary was a "mistake" that could be amended by relating back to the original complaint because plaintiff misunderstood which entity he should sue).

## B. Whether Rodriguez Stated a Claim

Because the problems naming defendants did not alone justify the dismissal without leave to amend, we must consider whether Rodriguez stated a claim against any defendants besides McCloughen and whether amendment would be futile.

### 1. *Individual Defendants*

Rodriguez tried to sue the federal agent "ATF UC 3749" for allegedly fabricating the affidavit used to obtain the search warrant. Violations of the Fourth Amendment are cognizable under *Bivens. See Bivens*, 403 U.S. at 397. But since *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), limited the use of this theory, we have kept open the question whether federal employees may be sued under *Bivens* for deliberately misleading a judge to obtain a warrant. *See Greenpoint Tactical Income Fund LLC v. Pettigrew*, 38 F.4th 555, 563–64 (7th Cir. 2022) (suggesting such conduct supports a *Bivens* claim but affirming on other grounds). We will not decide here, because the issue has not been briefed, and the district court did not distinguish among federal and other officers or even mention a possible *Bivens* claim. It can consider the question in the first instance.

According to the complaint, "EC-ICE UC 323," is an undercover officer with the Elkhart County "Intelligence and Covert Enforcement" unit, who Rodriguez alleges "provide[d] a police report" and repeated the fabricated observations used to obtain the search warrant. Fabricating affidavits to show probable cause is a compensable

violation of the Fourth Amendment. *See Rainsberger v. Benner*, 913 F.3d 640, 643 (7th Cir. 2019). But Rodriguez's initial factual allegations did not plausibly support entitlement to relief. He did not specify to whom the officer provided the report, how it affected him, or whether this officer was involved in fabricating the affidavit or knew it was false. Nevertheless, a constitutional claim is not foreclosed if Rodriguez can provide specifics. *See Zimmerman v. Bornick*, 25 F.4th 491, 493–94 (7th Cir. 2022).

As for the other federal, state, and county officers, Rodriguez alleged that two officers from the Elkhart County Sheriff's Department searched his business without a warrant and caused property damage there, and two ATF agents and an Indiana State Police trooper unnecessarily damaged two cars during the search. The district court jettisoned all property-damage claims under the *Parratt-Hudson* doctrine (without using that term), but that doctrine applies to claims of due-process violations. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Property damage can be part of a challenge to the reasonableness of a search under the Fourth Amendment. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). And "[t]he Fourth Amendment's protection against warrantless searches extends to commercial properties, albeit to a lesser extent than private residences." *Neita v. City of Chicago*, 830 F.3d 494, 499 (7th Cir. 2016). But we cannot say whether Rodriguez might state a claim regarding the warrantless search of his business, or the vehicles, without knowing the location and structure of Rodriguez's business and the ownership of the vehicles. If the business is a corporation or other independent entity, then it must be the plaintiff. *See G. M. Leasing Corp. v. United States*, 429 U.S. 338, 353 (1977). But again, we cannot conclude that amendment would be futile. Not so for the prospective defendant "DEA 6," who does not appear to be a person. And we cannot discern allegations against any agent of the Drug Enforcement Administration or that agency. Without such allegations, there is nothing an amendment could relate back *to*, and amendment would be pointless.

### 2. *Agency Defendants*

Rodriguez also failed to state a claim against law-enforcement agencies at the federal, state, county, and city levels, but he should have the chance to amend his claims against some of these entities. His claim against the Indiana State Police is dead in the water because Rodriguez cannot sue an arm of the State of Indiana, like the state's police, as a "person" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). (There was no reason for the district court to invoke constitutional immunity.)

As for the other agencies, Rodriguez did not connect them clearly to his factual allegations of wrongdoing by specific officers. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiffs must plead "more than an unadorned, the-defendant-unlawfully-

harmed-me accusation"). If Rodriguez directs his claims at the proper juridical entities, however, *see Sow*, 636 F.3d at 300, the defects are not so obviously incurable that Rodriguez should not have the opportunity to amend his allegations against them. *See Zimmerman*, 25 F.4th at 493–94.

### C. Rodriguez's Remaining Arguments

Rodriguez next continues his efforts to make his daughter a plaintiff, but the district court did not abuse its discretion by not permitting him to join his daughter or not recruiting counsel for her. *See Cook County v. Texas*, 37 F.4th 1335, 1341 (7th Cir. 2022). A nonlawyer cannot represent another person, even his own child, in most lawsuits. *See Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (noting § 1983 claims are not among the few exceptions to this rule). And Rodriguez's minor daughter lacks capacity to adopt Rodriguez's filings as her own without a representative. *See* FED. R. CIV. P. 17(b)(1).

Rodriguez's remaining contention is that the district and magistrate judges should have recused themselves. Rodriguez never moved for the district judge's recusal, so the argument is forfeited, but we note that he fails to explain what source of potential bias was at work or how it manifested. *See* 28 U.S.C. § 455(a), (b)(1); *see United States v. Barr*, 960 F.3d 906, 920 (7th Cir. 2020). Whether the magistrate judge should have recused himself—because the lawsuit challenged the search warrant that he signed—is trickier. *See* 28 U.S.C. § 455(a) (requiring magistrate judges to disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned"). The possibility of bias here seems minimal because Rodriguez claims that bad actors bamboozled the magistrate judge with false information—not that the magistrate judge did something wrong. Regardless, the district judge made all the material decisions—screening the complaints, ruling on amendments, and granting the summary-judgment motion. (The only adverse ruling by the magistrate judge—denying intervention—is not evidence of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).) Therefore, Rodriguez was not prejudiced by the denial of his recusal motions.

We AFFIRM the district court's entry of summary judgment for McCloughen and the dismissal of the claims against "DEA 6" and the Indiana State Police; the judgment is otherwise VACATED, and we REMAND for proceedings consistent with this order and the contemporaneous opinion.